UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SERGIO PASTRANA RODRIGUEZ,

    Plaintiff,

v.                                                                                  Case No.:  6:22-cv-645-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

# OPINION AND ORDER

Plaintiff Sergio Pastrana Rodriguez seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

#### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

#### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.   Procedural History

Plaintiff applied for a period of disability and disability insurance on April 1, 2021, alleging disability beginning on January 28, 2020. (Tr. 102, 283-86). The application was denied initially and on reconsideration. (Tr. 102, 112). Plaintiff requested a hearing, and on November 5, 2021, a hearing was held before Administrative Law Judge Edgardo Rodriguez-Quilichini ("ALJ"). (Tr. 43-66). On December 14, 2021, the ALJ entered a decision finding Plaintiff not under a disability from January 28, 2020, through the date of the decision. (Tr. 26-36).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on February 1, 2022. (Tr. 6-10). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on April 1, 2022, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 15).

### D.   Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2023. (Tr. 28). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 28, 2020, the alleged onset date. (Tr. 28). At step two, the ALJ found that Plaintiff had the following severe impairments: "bipolar disorder, depressive disorder, anxiety disorder, PTSD, obesity, and hyperlipidemia." (Tr. 28).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 28).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant has the RFC to sit, stand, walk, lift, carry, push and pull without limitation. He can perform tasks that are simple and that can be learned in 30 days or less. He should not have interaction with the general public unless it is merely superficial (defined as giving simple information back and forth), and he can have only occasional interaction with co-workers. He is limited to low stress work, defined as having only occasional decision-making and changes in the work setting.

(Tr. 30).

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as a delivery truck driver and a purchase price analyst. (Tr. 35). At step five, the ALJ found that considering Plaintiff's age (36 on the alleged disability onset date), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (Tr. 35). The vocational expert testified that a person with Plaintiff's limitations could have performed such occupations as:

    (1)  marker, DOT 209.587-034,[1] light, unskilled, SVP 2

    (2)  photocopy machine operator, DOT 207.685-014, light, unskilled, SVP 2

    (3)  routing clerk, DOT 222.587-038, light, unskilled, SVP 2

(Tr. 36). The ALJ concluded that Plaintiff had not been under a disability from January 28, 2020, through the date of the decision. (Tr. 36).

## II. Analysis

On appeal, Plaintiff raises two issues:

    (1)    Whether the ALJ failed to apply the correct legal standards to Dr. Van Den Abell's opinion; and

    (2)    Whether the ALJ failed to apply the correct legal standards to Mr. Pastrana Rodriguez's testimony regarding his mental health limitations.

(Doc. 18, p. 4, 7).

### A. Persuasiveness of Thomas R. Van Den Abell, Ph.D.'s Opinion

Plaintiff argues that even though the ALJ summarized portions of Dr. Van Den Abell's Compensation and Pension Examination ("C & P") for the Veterans Administration, he failed to mention Dr. Van Den Abell's opinion that Plaintiff would have significant problems with productivity and reliability in a work environment. (Doc. 18, p. 6). The Commissioner argues that Dr. Van Den Abell's

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

statement did not constitute an opinion and, even if it did, it was equivocal, and on an issue reserved for the Commissioner. (Doc. 21, p. 7-8).

The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or gives any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given the following five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 416.920c(a)-(c). An ALJ may but is not required to explain how he considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. §§ 404.1513(a)(2)-(3), 416.913(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3).

First, the Court must determine whether Dr. Van Den Abell's statement constitutes an opinion under the regulations. In the C & P, Dr. Van Den Abell found the following:

> Veteran's present examination does suggest some progression in the veteran's mental disorders, particularly worsening in his depression. As was noted above, veteran does reveal some continuing morbid ideation, and other PAI indicators of moderate suicide risk. Veteran is strongly recommended to continue in active mental health treatment. Veteran's present levels of distress, anxiety, and depression do suggest to this writer that he would have significant problems with productivity and reliability in a work environment.

(Tr. 516, 1014). As explained above, a medical opinion reflects what a plaintiff can do despite his impairments and whether any impairment causes limitations or restrictions in certain areas. 20 C.F.R. §§ 404.1513(a)(2). These areas include: "Your ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting." 20 C.F.R. § 404.1513(a)(ii). Examples of concentration, persistence, or pace include: "sustaining an ordinary routine and regular attendance at work; and working a full day without needing more than the allotted number or length of rest periods during the day." 20 C.F.R. Pt. 404, Subpt. P, App. 1; POMS DI 34001.032.D(3).

Dr. Van Den Abell found that Plaintiff's levels of distress, anxiety, and depression suggested that he would have significant problems with productivity.

Productivity falls squarely within an opinion on concentration, persistence, or pace. Dr. Van Den Abell also found that these impairments suggested that Plaintiff would have significant problems with reliability in a work environment. Again, this opinions falls within the definition of concentration, persistence, or pace, by being an opinion on regular attendance and working a full day. Thus, these statements are not another way to state that Plaintiff is disabled as argued by the Commissioner, and are not reserved to the Commissioner. (*See* Doc. 21, p. 8).

The Commissioner also contends that Dr. Van Den Abell's statement is equivocal because he uses the term "suggests." (Doc. 21, p. 7). Based on the entire C & P, the term "suggests" does not appear equivocal. The term "suggests" leans more toward a definition of an offer for consideration or a hypothesis and less a to mean to mention or imply as a possibility. *See https://www.merriam-webster.com/dictionary/suggest*.

In sum, Dr. Van Den Abell presented an opinion on Plaintiff's concentration, persistence, and pace. The ALJ did not mention this opinion in the decision and did not consider the supportability or consistency of this opinion as is required in the regulations. As a result, this matter must be remanded for further consider of Dr. Van Den Abell's opinion.

### B. Subjective Complaints

Plaintiff argues that the ALJ's reasons for rejecting Plaintiff's testimony are neither specific nor adequate. (Doc. 18, p. 8-9). The Commissioner contends that substantial evidence supports the ALJ's subjective-complaint analysis. (Doc. 21, p. 9).

A claimant may establish that he is disabled through his own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due

to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ should consider these factors along with all the evidence of record. *Ross*, 794 F. App'x 867. If the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

In the decision, the ALJ summarized Plaintiff hearing testimony about his subjective complaints. (Tr. 31). Plaintiff complained that he stopped working due to his anxiety and panic attacks. (Tr. 31). He also testified he could not concentrate and had panic attacks three times per week. (Tr. 31). Plaintiff testified he thought he could not live on his own due to his mental condition. (Tr. 31). He testified that he had no friends, stayed in room most of the time to avoid people, and took medications that made him drowsy. (Tr. 31). He also testified that he could prepare

simple meals in a microwave, take care of his personal hygiene, go out on his own to buy snacks, and count change. (Tr. 31). The ALJ then found that "[a] review of the medical evidence fails to support the severity of the claimant's impairments to the degree that he alleges." (Tr. 31).

The ALJ then summarized Plaintiff's treatment records, many of which include Plaintiff's reported subjective complaints. (Tr. 31-33). After which, the ALJ made the following determination:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
> As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent because based on a review of the medical evidence of record, as well as the claimant's testimony at the hearing, I find the evidence contained in the record does not support the claimant's allegations of incapacitating symptoms that would prevent the claimant from working. The residual functional capacity as set forth above is only slightly more restrictive in light of the objective medical evidence and giving consideration to the claimant's testimony regarding h[is] subjective symptoms. Thus, in view of the medical evidence of record, during the period at issue, and other factors discussed in this decision, the record does not support a finding of disability.

(Tr. 33-34).

The Commissioner argues that the ALJ devoted five paragraphs to summarizing Plaintiff's subjective complaints and then found the medical evidence failed to support the degree of impairment Plaintiff alleged. (Doc. 21, p. 10). The Commissioner also contends that "the ALJ cited specific evidence for discounting Plaintiff's subjective complaints regarding the severity of his mental impairments." (Doc. 21, p. 10, citing Tr. 31-34). The Commissioner then asserts as an example that the ALJ observed that mental status examinations were largely normal. (Doc. 21, p. 11, citing Tr. 31-32). The Commissioner also asserts that the evidence of improvement with medication supports the ALJ's subjective analysis. (Doc. 21, p. 11).

In the decision, the ALJ broadly rejected Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms, using boilerplate language that was not geared to this specific decision, such as using the terms "his or her symptoms" rather than choosing the appropriate pronoun. (Tr. 34). In other words, many of the ALJ's general statements could have applied to decisions for other claimants. The ALJ also failed to provide an explicit and adequate explanation for discrediting Plaintiff's testimony. *See Martinez v. Comm'r of Soc. Sec.*, No. 21-12116, 2022 WL 1531582, at *2 (11th Cir. May 16, 2022). Not articulating clear and adequate reasons to discount Plaintiff's subjective statements is not merely harmless error because had the ALJ credited Plaintiff's subjective complaints, the outcome

may have been different. As this case is being remanded on other grounds, on remand, the Commissioner must reconsider Plaintiff's subjective complaints.

### III. Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider Dr. Van Den Abell's opinion and Plaintiff's subjective complaints. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on August 8, 2023.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties